JAMES A. HOVEY, Appellant, *v.* HARRIET HOVEY, Respondent, Impleaded with JOSEPH HOVEY and Others, Defendants.

Third Department, May 8, 1918.

Real property — suit to set aside conveyance — right of person who procures others to bid in lands to a conveyance from them — when motive of grantee immaterial — when conveyance will not be set aside.

Where persons bid in lands at a public sale at the request of a person to whom they afterwards conveyed it became their moral and equitable duty to convey to him or to any one whom he might name regardless of his purpose or motive.

Hence, the conveyance will not be set aside by the court on mere proof that the grantee told his grantors that he wished them to bid in the property in order that he might induce his wife to agree to care for an infirm brother of the plaintiff, especially where the grantee held the deed for twenty years until his death and never sought to have the instrument changed. No matter what the grantee may have said to his grantors he had a right thereafter to change his mind without their consent.

APPEAL by the plaintiff, James A. Hovey, from a judgment of the Supreme Court in favor of the respondent, entered in the office of the clerk of the county of Saratoga on the 16th day of February, 1917, dismissing the complaint upon the decision of the court, one question of fact having been submitted to the jury.

*Butler, Kilmer & Corbin* [*Walter P. Butler* and *Harold H. Corbin* of counsel], for the appellant.

*William Rooney*, for the respondent.

COCHRANE, J.:

This action is to set aside two deeds to Smith Hovey, now deceased, and his wife, the defendant Harriet Hovey, as tenants by the entirety. The plaintiff is a son of Smith Hovey by a former marriage. The grantors in the deeds had bid off the property at a public sale for Smith Hovey at his request, and held title for him. The reason why it is sought to set aside the deeds is that the grantee told the grantors that he wanted to use them for the purpose of inducing his wife to agree to care for an infirm brother of the plaintiff and that if she would not promise to do so he would procure the deeds to be executed by them in some other form. He never sought to have the deeds changed and it is claimed that his wife did not make the suggested agreement, or if she did make it that she did not keep it. The statement of the grantee to his grantors related to a matter personal to himself. The grantors had no legal interest in that question. Holding the title as they did for the grantee it was their moral and equitable duty to convey to him or to any one whom he might dictate, regardless of his purpose or motives. He was the real owner of the property. They were merely putting the legal title where it belonged. And the plaintiff acquires no rights from the grantors but only from his father. What he said to his grantors may be evidence as to his intent at the time he said it on the question whether he accepted the deeds. But he had a right to change his mind thereafter without the consent of his grantors. And for twenty years after the execution of the deeds he acquiesced in them and they were kept in a box belonging to his wife and under their joint control. It

is improbable that during all that time he would have left the title outstanding in third parties who had no interest in it. The only reasonable inference is that the title was as he desired. The trial court properly declined to interfere.

The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.